CITY OF CLEVELAND, Appellee,

v.

PAPADELIS, Appellant.

[Cite as *Cleveland v. Papadelis* (1997), 121 Ohio App.3d 152.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71254.

Decided July 14, 1997.

---

*Sharon Sobol Jordan,* Director of Law, and *Willie Mitchell,* Assistant Director of Law, for appellee.

*Joseph Bancsi Co., L.P.A.,* and *Joseph Bancsi,* for appellant.

---

*Per Curiam.*

This case arises as an appeal from the decision of Cleveland Municipal Court, finding Nick Papadelis, owner of the property at 3524 West 105th Street, guilty of violating Cleveland Ordinance Section 209.01.

In a trial to the bench on August 14, 1996, Papadelis was found guilty in three consolidated cases: Nos. 95–28196, 95–28195, and 95–28194, the case at bar.

According to his counsel, Papadelis later put the property in full compliance. The property was subsequently purchased by Mr. and Mrs. Martinez and bulldozed, apparently by the city. On September 5, 1996, the municipal judge fined Papadelis $100, but suspended sentence.

Appellant states only one assignment of error:

"The trial court committed prejudicial and reversible error as a matter of law when it failed to dismiss the charge against appellant, since the prosecution failed to prove that appellant violated Cleveland Ordinance No. 209.01."

The Health Code Misdemeanor Citation, dated September 15, 1995, specifies that Wiley Hardy had inspected the premises on September 14, 1995, and found the owner, Nick Papadelis, in violation of Section 209.01 of the Cleveland Municipal Ordinances for "failure to cut high weeds and grass." The form also contained a summons requiring the owner to appear in court on October 25, 1995.

This citation was filed with the Cleveland Clerk of Courts on September 27, 1995.

Section 209.01 requires owners to keep their property free from certain noxious weeds as well as "all other noxious weeds." Section 209.04 includes under the definition of "other noxious weeds" "grass over ten inches in height." Section 209.03 requires that the owner be served written notice that noxious weeds must be "removed, turned under or destroyed by spraying" and that this process be commenced within fourteen days after mailing of the notice.

Inspector Willie Hardy testified at the trial that he had written the citation and that on September 14, 1995 he observed various violations, including "high weeds and grass there too." He further stated that he returned to the property later and observed that the "weeds was not cut" as well as other continuing violations. He also testified that a written notice had been sent to defendant advising him of the violation and that he had seven days to correct the problem. A copy of that paper was not brought to the trial and is not in the record. Nor is there anything in the record to show that Papadelis specifically was sent the notice. However, the inspector did testify that it is the procedure of his office to mail out complaints and advise owners how many days they have to comply and that there had never been a case when he did not follow this procedure. Finally, the inspector testified that he returned to inspect the property some time after seven days had elapsed, and did not remember the exact date.

■ There are two substantial errors in the city's case. First, Cleveland Ordinance 209.03, as amended in 1991, expressly says that an owner has *fourteen* days after the mailing of notice to remove noxious weeds (that is, grass over ten inches). The inspector admits that his notice specified seven days. He also testified that the owner had failed to comply by the time he revisited the property, some time after seven days. Such vagueness concerning the date is insufficient evidence of noncompliance after fourteen days.

■ The testimony of the inspector is fatally deficient, moreover, on another point. A violation of the statute occurs only if the grass/weeds are over ten

inches. The inspector's testimony that the weeds and grass were "high" does not meet the evidentiary requirement.

Because the evidence was insufficient on two points, the trial court should have granted appellant's motion and dismissed the case.

*Judgment reversed.*

PATRICIA ANN BLACKMON, P.J., DYKE and KARPINSKI, JJ., concur.